United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KAMANI COURVOISIER STELLY,

    Plaintiff,

v.

SHIFFER, et al.,

    Defendants.

Case No. 24-cv-06775-JSC

**ORDER GRANTING ADDITIONAL TIME TO FILE SIGNED AMENDED COMPLAINT**

Plaintiff, an inmate in the Martinez Detention Facility ("MDF") proceeding without representation by an attorney, filed this civil rights action under 42 U.S.C. § 1983. The case was assigned to Magistrate Judge Nathaniel E. Cousins, and Plaintiff consented to his jurisdiction. (ECF No. 4.) Judge Cousins reviewed the complaint under 28 U.S.C. § 1915A and determined that Plaintiff stated claims capable of judicial determination against Defendants Deputy Kapustin and Deputy Shiffer for using excessive force.[1] (ECF No. 7 at 2:20-21.) Judge Cousins concluded Plaintiff's remaining claims were not capable of judicial determination (*see id.* at 3:4-8 (addressing claims against Deputy Cubit); *id.* at 3:9-22 (addressing claims regarding the condition of his cell); *id.* at 3:23-4:9 (addressing claims regarding his medical care), and granted Plaintiff leave to file an amended complaint to correct the deficiencies in these claims (*id.* at 4:22-23).

After Plaintiff filed a timely amended complaint (ECF No. 10), the case was reassigned to the undersigned District Judge because Judge Cousins concluded one or more claims or Defendants needed to be dismissed and Defendants had not yet consented to the jurisdiction of a Magistrate Judge (ECF No. 11 (citing *Williams v. King*, 875 F.3d 500, 203 (9th Cir. 2017)

---

[1] The order advised Plaintiff that he "may" clarify in his amended complaint whether, at the time of Defendants' alleged use of force, he had been convicted (ECF No. 7 at 3:1-3), but neither that order nor this Court requires such amendment for this claim to proceed.

(holding Magistrate Judge lacked jurisdiction to dismiss claims on initial review because unserved defendants had not consented to proceed before magistrate judge)). The amended complaint, however, is not signed. (*See* ECF No. 10 at 3.) Rule 11(a) of the Federal Rules of Civil Procedure provides:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. … The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a).

So, on or before **May 30, 2025**, Plaintiff may file a signed amended complaint. This may be a copy of the amended complaint he already filed, but with his signature, or a new amended complaint with his signature. With respect to his amended complaint, Plaintiff is reminded:

> The amended complaint must include the caption and civil case number used in this order, Case No. 24-cv-06775 [JSC] (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint supersedes the original, the latter being treated thereafter as nonexistent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims, and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992)

(ECF No. 7 at 4:24-5:5.)

**Plaintiff's failure to file a signed amended complaint by the deadline and in accordance with the order of dismissal with leave to amend (ECF No. 7) will result in the unsigned amended complaint being stricken, the case proceeding only on the basis of the excessive force claims against Deputies Kapustin and Shiffer from the original complaint, and the dismissal of all other claims without further leave to amend.**

**IT IS SO ORDERED.**

Dated: April 24, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge

2