UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMANI COURVOISIER STELLY,<br><br>   Plaintiff,<br><br>v.<br><br>SHIFFER, et al.,<br><br>   Defendants. | Case No. 24-cv-06775-JSC<br><br>**ORDER STRIKING AMENDED COMPLAINT; OF PARTIAL DISMISSAL; OF SERVICE** |

Plaintiff, an inmate in the Martinez Detention Facility ("MDF") proceeding without representation by an attorney, filed this civil rights action under 42 U.S.C. § 1983. The case was assigned to Magistrate Judge Nathaniel E. Cousins, and Plaintiff consented to his jurisdiction. (ECF No. 4.) Judge Cousins reviewed the complaint under 28 U.S.C. § 1915A and determined that Plaintiff stated claims capable of judicial determination against Defendants Deputy Kapustin and Deputy Shiffer for using excessive force. (ECF No. 7 at 2:20-21.) Judge Cousins concluded Plaintiff's remaining claims were not capable of judicial determination and granted Plaintiff leave to file an amended complaint to correct the deficiencies in these claims. (*Id.* at 3-4.) After Plaintiff filed a timely amended complaint (ECF No. 10), the case was reassigned to the undersigned District Judge because Judge Cousins concluded one or more claims or Defendants needed to be dismissed and Defendants had not yet consented to the jurisdiction of a Magistrate Judge (ECF No. 11 (citing *Williams v. King*, 875 F.3d 500, 203 (9th Cir. 2017)).

Because the amended complaint was not signed, however, on April 24, 2025, the Court ordered Plaintiff to file a signed amended complaint on or before May 30, 2025. (ECF No. 13.) The order cautioned Plaintiff as follows:

**Plaintiff's failure to file a signed amended complaint by the deadline and in accordance with the order of dismissal with**

**leave to amend (ECF No. 7) will result in the unsigned amended complaint being stricken, the case proceeding only on the basis of the excessive force claims against Deputies Kapustin and Shiffer from the original complaint, and the dismissal of all other claims without further leave to amend**.

(*Id.* at 2:19-23.)

The deadline has passed, and Plaintiff has not filed a signed amended complaint. Accordingly, the unsigned amended complaint is STRICKEN. This case will proceed only on the basis of the excessive force claims against Deputies Kapustin and Shiffer from the original complaint. For the reasons explained in Judge Cousins' order, all of the other claims are DISMISSED without leave to amend. (*See* ECF No. 7 at 3:4-8 (addressing claims against Deputy Cubit); *id.* at 3:9-22 (addressing claims regarding the condition of his cell); *id.* at 3:23-4:9 (addressing claims regarding his medical care).)

In light of the above, the Court hereby orders:

1. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the original complaint (ECF No. 1), and a copy of this order on Contra Costa County Sherriff's Deputy Kapustin (No. 89808) and Contra Costa County Sherriff's Deputy Shiffer at the Martinez Detention Facility in Martinez, California.

The Clerk shall also mail a courtesy copy of the first amended complaint with all attachments and a copy of this order to the Contra Costa County Counsel's Office.

2. Defendants shall file an answer in accordance with the Federal Rules of Civil Procedure.

3. To expedite the resolution of this case:

a. No later than **October 3, 2025**, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. At the time the dispositive motion is served, Defendants shall also serve, on a

separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

        c.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **October 31, 2025**.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

        d.  Defendants shall file a reply brief no later than **November 14, 2025**.

        e.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

4.  All communications by Plaintiff with the Court must be served on Defendants or their counsel once counsel has been designated, by mailing a true copy of the document to Defendant or his counsel.

5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

6.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: July 3, 2025

                                                                                      _____
                                                                                     JACQUELINE SCOTT CORLEY
                                                                                      United States District Judge

United States District Court
Northern District of California

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.